```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA


SECURITIES AND EXCHANGE          :    CIVIL ACTION
COMMISSION,                      :
                                 :
            Plaintiff,           :    NO. 06-4540
                                 :
        v.                       :
                                 :
ONE OR MORE PURCHASERS OF        :
CALL OPTIONS FOR THE COMMON      :
STOCK OF CNS, INC.,              :
                                 :
            Defendants.          :
```

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                          October 12, 2006


**I.   INTRODUCTION**

The SEC has brought this action against unknown defendants who purchased call option contracts in CNS, Inc ("CNS") immediately prior to the announcement of the company's acquisition by GlaxoSmithKline plc ("Glaxo") on October 9, 2006. The SEC maintains that these purchases were made based on insider information. The SEC now seeks, <u>inter</u> <u>alia</u>, a temporary restraining order to freeze the assets generated through the alleged insider trading.

1

**II.  BACKGROUND**

Between September 27 and October 2, 2006, defendants purchased call option contracts for the common stock of CNS.  The purchases were made through two accounts located here in the United States but in the name of foreign financial institutions: (1) a securities account held at Swiss American Securities, Inc.[1] ("SASI") in the name of Credit Suisse Group; and (2) a securities account at National Financial Services LLC[2] ("NFS") in the name of Zurich Cantonal Bank.  These accounts do not identify the beneficial owners who purchased the call option contracts.  The SEC thus does not know the identities of the defendants.

The SEC alleges that the defendants purchased the call option contracts while in possession of material, nonpublic information relating to the proposed but unannounced acquisition of CNS by Glaxo, in violation of Section 10(b) of the Securities and Exchange Act, 15 U.S.C. § 78j(b) and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5.

On October 9, 2006, Glaxo announced its acquisition of CNS, and the price of CNS stock rose by more than 28%.  The SEC alleges that defendants have since sold their options and

---

[1]  SASI is a broker-dealer based in New York City that is a wholly owned subsidiary of Credit Suisse Group, which is based in Switzerland.

[2]  NFS is a broker-dealer based in Boston, Massachusetts that is a wholly-owned subsidiary of FMR Corp.

realized approximately $651,890 in profit.

**I.   THE SEC'S REQUEST FOR A TEMPORARY RESTRAINING ORDER**

Rule 65 of the Federal Rules of Civil Procedure authorizes the Court to issue temporary restraining orders and preliminary injunctions.  In deciding whether to grant the injunctive relief that the SEC seeks, the Court must consider whether (1) the SEC has demonstrated the likelihood of its success on the merits; (2) the SEC will be irreparably harmed by the denial of injunctive relief; (3) the balance of the harms favors the SEC or if, instead, granting the relief would result in even greater harm to the defendants; and (4) the public interest favors granting the injunction.  <u>Kos Pharms., Inc. v. AndrxCorp.</u>, 369 F.3d 700, 708 (3rd Cir. 2004); <u>ACLU of New Jersey v. Black Horse Pike Reg. Bd. of Ed.</u>, 84 F.3d 1471, 1477 (3rd Cir. 1996).

The Court finds that a temporary restraining order may be granted, without notice to the adverse party, pursuant to Rule 65(b), under these circumstances.

The SEC has shown it is likely to succeed on the merits of its insider trading claims.  The transactions at issue appear to constitute insider trading.

Moreover, it clearly appears from the facts shown by the affidavits and verified complaint submitted by the SEC that

3

immediate and irreparable injury will result before the defendants can be heard in opposition.  The injury here is the $651,890 in alleged profits illegally obtained through insider trading and which the defendants must disgorge.  Emergency relief is required to prevent the defendants from moving the proceeds of the insider trading beyond the jurisdiction of the Court.  Absent a freeze order, these funds could be removed from the country at any time, leaving no assets to satisfy a final judgment.  Because the funds in this case are already in accounts that are in the name of foreign entities, the defendants may make arrangements to transfer these assets to Switzerland or other foreign countries as soon as they learn of this suit.

The Court is also satisfied that the SEC has made reasonable efforts to serve the defendants in this case.  The affidavit of Josip C. Glavan describes the efforts that the SEC has made to notify the defendants of this action and the reasons that they have not been able to notify them.  The SEC advises that the current custodians of the assets at issues, SASI and NFS, have been notified of the SEC's application.  Mr. Glavin also avers that the SEC's staff is still working with the Swiss regulatory authorities to obtain information from the Swiss offices of Credit Suisse Group and Zurich Cantonal Bank regarding the beneficial ownership of the accounts that issued instructions for the purchase of the CNS call options.

Finally, the balance of the harms favors the SEC, who will be unable to secure appropriate relief in enforcement proceedings if the assets have already been moved beyond the jurisdiction of the United States courts.  The public interest will accordingly be served by preserving the status quo.

**III. CONCLUSION**

For the reasons set forth above, the SEC's Application for an Ex Parte Temporary Restraining Order freezing assets and granting other relief will be granted.

An appropriate order will be entered.

**AND IT IS SO ORDERED.**

  S/Eduardo C. Robreno

**EDUARDO C. ROBRENO, J.**